EDWARD J. McDERMOTT V. MARTIN MANLEY.

FILED JUNE 18, 1902. No. 11,420.

1. **Continuance: DISCRETION: MATERIAL EVIDENCE.** A motion for a continuance in order to obtain the testimony of an absent witness is addressed to the sound legal discretion of the trial court, and it is not error to overrule it where it does not appear that the party asking for the continuance has, without his fault, been deprived of material evidence.

2. **Order of Evidence: DISCRETION.** The order in which evidence shall be introduced in the trial of a cause is to a great extent discretionary with the trial court; and it is not the exercise of that discretion, but the abuse of it, that constitutes reversible error.

3. **Evidence.** Evidence examined and found sufficient to sustain the verdict.

ERROR from the district court for Buffalo county. Tried below before SULLIVAN, J. *Affirmed.*

*J. F. Walker,* for plaintiff in error.

*D. C. Wenzell, contra.*

SULLIVAN, C. J.

Manley alleged in his petition that he entrusted McDermott with a sum of money, which was to be kept without compensation and returned on demand. The issue raised by a denial of this allegation was tried to a jury and decided in favor of the plaintiff. Judgment having been rendered on the verdict, the defendant brings the record here for review, assigning as error the denial of his motion for a continuance and also certain rulings made by the court during the progress of the trial.

The application for a continuance, which was based on the absence from the state of a material witness, was defective in several particulars and was properly overruled. It was not shown by the affidavit supporting the motion for postponement of the trial that the testimony of William Bastian, the absent witness, was necessary to enable the defendant to establish his defense. Neither was it made to appear that the deposition of the witness could not have been procured after his whereabouts was ascertained. Manley learned on or about May 15 that Bastian lived at Medicine Bow, Wyoming, but the case was not tried until May 26. This being so, it would seem that the exercise of reasonable diligence on the part of the defendant, making due allowance for the temporary absence of his attorney, would have obviated the necessity for a continuance. Another fatal objection to the application for a continuance is that the facts from which defendant deduced the conclusion that he had been diligent in searching for Bastian, were not presented to the court. If they had been it is quite possible that there might have been a difference of opinion between the court and the

litigant touching the sufficiency of such facts to establish legal diligence. It is familiar doctrine that applications for continuances are addressed to the sound legal discretion of the trial court and that the refusal of the court to grant such an application is not reversible error unless an abuse of discretion is clearly shown. In this case it was not made to appear that the defendant was, without fault on his part, deprived of the testimony of the Wyoming witness, and hence the denial of the motion for an adjournment of the trial was not an abuse of judicial discretion.

There is no merit in the assignment of error grounded on the action of the trial court in permitting the plaintiff to introduce original evidence after defendant had rested his case. The order in which evidence shall be received is to a great extent discretionary with the court, and we see no reason to suppose that in this case the discretion was not fairly exercised.

It is also urged that the judgment should be reversed on account of the weakness of plaintiff's evidence. We have read the testimony of all the witnesses, and are disposed to think that the jury reached a right conclusion.

The judgment is

AFFIRMED.